IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON L. EDMONDS, AD2315,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>FRED FOULK, Warden,<br><br>　　　　　Respondent. | No. C 13-2490 CRB (PR)<br><br>ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE<br><br>(Docket #2) |

I.

Petitioner, a prisoner at High Desert State Prison (HDSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Lake County Superior Court. He also moves to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (docket #2), which, good cause shown, is granted.

II.

Petitioner seeks federal habeas relief on the basis of twelve claims. But only two of the claims – (1) trial court erred in instructing the jury that defense testimony required corroboration, and (2) trial counsel was constitutionally ineffective because he did not request that the instruction be modified – have been exhausted thru the Supreme Court of California. The other ten claims are still pending in the state courts.

Good cause appearing, the petition for a writ of habeas corpus is construed as a protective petition and STAYED so that petitioner can exhaust his unexhausted claims in the state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (prisoners who run risk of having federal statute of limitation expire while exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); see also <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005) (district court has authority to stay mixed petition where there was good cause for petitioner's failure to exhaust claim in state court and the claim is potentially meritorious).

## III.

The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this matter until petitioner exhausts all of his claims all the way thru the Supreme Court of California and, within 30 days thereafter, moves to reopen the case and lift the court's stay.

SO ORDERED.

DATED: June 12, 2013

CHARLES R. BREYER
United States District Judge

N:\Edmonds, S.13-2490.stay.wpd

2